## UNITED STATES BANKRUPTCY COURT
### WESTERN DISTRICT OF TENNESSEE
### EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| SOUTHERN INDUSTRIAL | ) | CASE NO. 18-10261 |
| MECHANICAL MAINTENANCE | ) | |
| COMPANY, LLC, | ) | CHAPTER 7 |
| | ) | |
| Debtor. | ) | |
| | ) | |

**OBJECTION OF IBERIABANK TO THE TRUSTEE'S MOTION TO SELL PERSONAL PROPERTY PURSUANT TO 11 U.S.C. § 363(b)(f) and 11 U.S.C. § 704(a)(1)**

**COMES NOW**, Iberiabank ("Iberia") and objects to the Chapter 7 Trustee's (the "Trustee") Motion for authorization to sell all of the interest of the Bankruptcy Estate in certain personal property more particularly described as an "18-wheeler two story cooking rig trailer" (the "Cooking Rig") in consideration of $10,000 (the "Sale Motion") [Doc No. 360]. In support of its Objection, Iberia states as follows:

1. Iberia is a secured creditor of the Debtor with valid perfected first priority liens and security interests in and upon the Debtor's assets including, but limited to, certain inventory, equipment, accounts receivable, personal property and other general intangibles (the "Personal Property") of the Debtor.

2. On or about June 2, 2014, Iberia filed a UCC-1 Financing Statement (the "Financing Statement") naming SIMMCO as Debtor and Iberia as secured party with the Tennessee Secretary of State at Instrument No. 421630815 thereby perfecting Iberia's security interest in the Personal Property.

3. Iberia's Financing Statement predates and is of higher priority than the Federal Tax Liens of the IRS which were first filed on March 7, 2016 (*see* Sale Motion).

1

4. The Sale Motion states that "In the event the "Cooking Rig" is determined to be Rolling Stock, the same is subject to the lien of the IRS. Rolling Stock is defined as certain vehicles covered by a Certificate of Title in the Sale Motion.

5. The Sale Motion also states that Cooking Rig is homemade and a current certificate of title cannot be located.

6. The Sale Motion does not reference or identify the priority of the Iberia Financing Statement.

7. Upon information and belief, there has never been a certificate of title issued for the Cooking Rig nor has the Cooking Rig ever been registered with the Tennessee Department of Motor Vehicles for license plates and/or tags.

8. Upon information and belief, the license plate currently on the Cooking Rig is not registered to the Debtor and is for a mobile home (presumably the Debtor took a license plate off of a mobile home and put it on the Cooking Rig).

9. If no certificate of title exists for the Cooking Rig then it would be covered by the first priority lien of Iberia pursuant to the filed Financing Statement. Also, if the Cooking Rig is not covered by a certificate of title then it has been abandoned pursuant to the Order and Notice of Abandonment entered by this Court on May 10, 2019. [See Doc. No. 359].

10. Further, if the Cooking Rig does have a certificate of title then Iberia requests proof thereof and also would state that the title may have lien holders noted on the title.

**WHERETOFORE**, Iberia respectfully requests this Court deny the Trustee's Motion and respectfully requests that the Court grant Iberia such other relief and protections as are appropriate and necessary.

Respectfully submitted,

**BUTLER SNOW LLP**

*/s/ R. Campbell Hillyer*
R. Campbell Hillyer (022124)
James E. Bailey (015979)
6075 Poplar Avenue, Suite 500
Memphis, Tennessee 38119
(901)-680-7200
Cam.hillyer@butlersnow.com
**ATTORNEYS FOR IBERIABANK**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served via electronic notice or regular US Mail on the persons listed below this 3rd day of June 2019.

Debtor
Debtor's Attorney
Chapter 7 Trustee
United States Attorney
United States Trustee
All Other Parties Requesting Notice via the Court's ECF System

/s/_R. Campbell Hillyer